IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF TEXAS
_____ DIVISION

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

2022 MAR 22 AM 7:43

DEPUTY CLERK _BMH_

Buddy T. Parnell #2305922
Plaintiff's Name and ID Number

TDCJ-Allred Unit (Iowa Park, TX.)
Place of Confinement

CASE NO. 5-22CV0044-C
(Clerk will assign the number)

v.

Bryan Collier; P.O. Box 99 Huntsville, TX. 77342
Defendant's Name and Address

Ronald Ivey; 8602 Peach Ave. Lubbock, TX. 79404
Defendant's Name and Address

Clayton Straughan; 8602 Peach Ave. Lubbock, TX. 79404
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
   A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓NO
   B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit: _____
      2. Parties to previous lawsuit:
         Plaintiff(s) _____
         Defendant(s) _____
      3. Court: (If federal, name the district; if state, name the county.) _____
      4. Cause number: _____
      5. Name of judge to whom case was assigned: _____
      6. Disposition: (Was the case dismissed, appealed, still pending?) _____
      7. Approximate date of disposition: _____

Rev. 05/15

2

II. PLACE OF PRESENT CONFINEMENT: TDCJ - Allred Unit (Iowa Park, TX.)

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution. Not necessary to plead exhaustion. (see Jones V. Bock, 549 U.S. 199 (2007))

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Buddy T. Parnell #2305922
2101 F.M. 369 N.
Iowa Park, TX. 76367

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Bryan Collier; TDCJ Director; P.O. Box 99 Huntsville, TX. 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Failure to ensure TDCJ staff training concerning PREA and Safe Prison Policies.

Defendant #2: Ronald Ivey; Warden, Montford Unit, TDCJ; 8602 Peach Ave. Lubbock, TX. 79404

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Lack of staff training; Deliberate indifference to staff's violations; negligent care.

Defendant #3: Clayton Straughan; Captain, Montford Unit, TDCJ; 8602 Peach Ave. Lubbock, TX. 79404

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Violated defendant's 4th Amendment right by using strip search to harass, humiliate, and punish.

Defendant #4: Sue Gamez; Seargent, Montford Unit, TDCJ; 8602 Peach Ave. Lubbock, TX. 79404

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violated Defendant's 8th Amendment right by failing to protect from prisoner abuse.

Defendant #5: Devin Esquivel; Seargent, Montford Unit, TDCJ; 8602 Peach Ave. Lubbock, TX. 79404

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violated Defendant's 8th Amendment right by failing to protect from prisoner abuse.

Rev. 05/15

3

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

(Please refer to Attachment A)

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

$300,000 in compensatory and punitive damages.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Buddy Tylor Parnell / Buddy Taylor Parnell / Buddy Parnell / Tylor Parnell

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ # 1890769, 2016448, 2305932 / ADC# 172580 / (All others Unknown to me)

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?  ____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that issued warning (if federal, give the district and division): _____
  2. Case number: _____
  3. Approximate date warning was issued: _____

Executed on: 3/7/22
             DATE

*Buddy Parnell*
B. ____ #2305922
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this   7th   day of   March   , 20  22  .
              (Day)             (month)         (year)

*Buddy Parnell*
B. ____ #2305922
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

Attachment A, "Statement of Claim"

During a routine Treatment Team review on 11/30/21 at the Montford Unit I, the Plaintiff, requested protection from my celly whom I was receiving threats of violence from. The Treatment Team consisted of Sgt. Sue Gamez, Medical Provider Toni Cline, and Mental Health Clinician Diedre Shaffer. In the presence of the two medical employees, Sgt. Gamez initiated a move for my protection. However, shortly after leaving the Treatment Team review Sgt. Gamez sent Sgt. Devin Esquivel to manipulate me by threats in order to get me to move back into the unsafe cell. I was left with no choice except to move back into the cell. The very next day, 12/1/21, I was attacked by that same celly. Despite seeking help prior to the attack I was given a disciplinary case for fighting. At the disciplinary hearing on 12/2/21 I attempted to explain the entire ordeal to Captain Clayton Straughan. Out of anger and a desire to humiliate me Capt. Straughan ordered me to strip for him and requested humiliating things from me during the unnecessarily harassing search. I grieved these complaints to the Unit Warden, Ronald Ivey, who did not make any reasonable attempt at redress. I then grieved this issue with the final step in the offender grievance system, also to no avail. TDCJ Director Bryan Collier is responsible for ensuring that all TDCJ units and employees comply with PREA and Safe Prison policies, however the director has failed greatly leading to me being physically and also mentally harmed. I'm seeking relief through the courts.

B. Revell #2305922

Dear United State District Clerks office,

Here are two finished copies of the 1983 Prisoners Civil Rights Complaint. I would like to file these.

Also, I've included an "In Forma Pauperis", also finished and ready to file.

Please inform me if any corrections or errors need to be addressed.

Thank you.

Buddy T. Parnell
#2305922
TDCJ - Allred Unit (Iowa Park)
March 7th, 2022

RECEIVED
MAR 22 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Mr. S. Powell #2305922
2101 F.M. 369 N
Iowa Park, TX. 76367



RECEIVED
MAR 22 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

NORTH TEXAS TX PBDC
DALLAS TX 750
17 MAR 2022 PM 4

79401-402759

U.S. District Clerk's office
1205 Texas Ave.
Room 209
Lubbock, TX. 79401-4091



PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION